IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steve Jenkins, | ) | C/A No.: 1:25-12574-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Warden M.V. Joseph, | ) | RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| | ) | |

Steve Jenkins ("Plaintiff"), proceeding pro se, filed this motion for a temporary restraining order ("TRO") or preliminary injunction. [ECF No. 9]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for pretrial proceedings. For the foregoing reasons, the undersigned recommends Petitioner's motion be denied.

I.    Factual and Procedural Background

Petitioner's underlying petition, brought pursuant to 28 U.S.C. § 2241, concerns a disciplinary sanction he alleges he received in retaliation for exercising his First Amendment rights. [ECF No. 1]. He filed this motion for a TRO or preliminary injunction regarding allegations his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and the Eighth Amendment are being violated. He seeks a TRO or preliminary

injunction enjoining the "defendants"[1] from discriminating against him based on disability. [ECF No. 9 at 1].

## II.    Discussion

### A.    Standard of Review

A party seeking a TRO must establish the following four elements: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] The party must make clear showings as to the first and second elements. *Winter*, 555 U.S. at 19–22; *Real Truth*, 575 F.3d at 345–47. The court may only consider whether the balance of equities tips in favor of the

---

[1] The undersigned notes that there is one Respondent in this case, not multiple defendants, as is proper in a matter brought pursuant to § 2241.

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United. See Real Truth*, 607 F.3d 355 (4th Cir. 2010).

party seeking injunctive relief after she has satisfied the first two elements. *See Real Truth*, 575 F.3d at 346–47.[3] Finally, the court must be particularly mindful of the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

B.     Analysis

1.  Not cognizable in a case brought pursuant to § 2241

Although Plaintiff argues he may bring this claim in a § 2241 action, he cites a case from the District of Connecticut in support. *See* ECF No. 9-1 at 4. The United States Court of Appeals for the Fourth Circuit has not decided in a published opinion whether a prisoner may challenge his conditions of confinement through a § 2241 petition. In an unpublished opinion, the Fourth Circuit observed a circuit split on this issue. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (noting that the Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have determined that conditions of confinement claims must be brought in a civil rights action, while the First, Second, and D.C. Circuits recognize them in habeas petitions). The *Wilborn*

---

[3] The court in *Real Truth* relied on *Winter* in expressly rejecting and overruling *Blackwelder's* sliding scale approach that formerly allowed a party to obtain an injunction with a strong showing of a probability of success even if she demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

court noted the Fourth Circuit's unpublished decisions have held that conditions-of-confinement claims are not cognizable in habeas proceedings. *Id.* (citing *Rodriguez v. Ratledge*, 715 F. Appx 261, 266 (4th Cir. 2017)). Therefore, the undersigned recommends Petitioner's motion be dismissed because the claims are not cognizable under § 2241.

### 2. Petitioner has not met the standard for a TRO

Plaintiff has not established—or even presented argument on—each of the four elements required for a TRO. Petitioner's motion should be denied on this basis. Further, even if his claims are brought in a civil rights action, it appears a TRO in this case would be an impermissible way for Petitioner to avoid exhausting his administrative remedies. Therefore, the undersigned recommends Petitioner's motion for a TRO or preliminary injunction be denied.

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for a TRO or preliminary injunction be denied.

IT IS SO RECOMMENDED.

October 15, 2025
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).