IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Jenkins, | C/A No. 1:25-cv-12574-JFA-SVH |
| Petitioner, | |
| v. | **ORDER** |
| Warden M.V. Joseph, | |
| Respondent. | |

### I.     INTRODUCTION

Steve Jenkins ("Petitioner"), proceeding pro se, filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Petitioner's motion for a temporary restraining order ("TRO") or preliminary injunction. (ECF No. 9).

After performing a review of the motion, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 10). Within the Report, the Magistrate Judge opines the motion should be denied for numerous reasons. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner then submitted a document entitled "objections" which this Court has construed as objections to the Report. (ECF No. 14). Thus, this matter is ripe for review.

1

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 10). The Report ultimately concludes that Petitioner's motion should be denied for various reasons including that his claims are not cognizable in a case brought pursuant to § 2241.

In his apparent response to the Report, Petitioner has submitted a document entitled "objections" which contains various disjointed factual statements and legal citations devoid of any citation to the Report or its analysis. (ECF No. 14). Petitioner's filing fails to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Petitioner feels has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007).

Because Petitioner has failed to offer any specific objections which would allow for a *de novo* review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 10). For the reasons discussed above and in the Report, Petitioner's motion for a TRO or preliminary injunction (ECF No. 9) is denied. This matter recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

November 7, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge