IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Jenkins,<br><br>                 Petitioner,<br><br>v.<br><br>M.V. Joseph, Warden,<br><br>                 Respondent. | C/A No. 1:25-cv-12574-JFA-SVH<br><br><br>**ORDER** |

### I. INTRODUCTION

Steve Jenkins ("Petitioner"), proceeding pro se, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Specifically, the Magistrate Judge conducted an initial review of Respondent's motion to dismiss or alternatively for summary judgment (ECF No. 23). After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the petition is subject to dismissal. (ECF No. 31). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report. (ECF No. 34) to which Respondent replied (ECF No. 35). Thus, this matter is ripe for review.

1

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 31). In short, Petitioner filed this action to request that good time credit removed as punishment for a prior infraction be restored. The Report concluded that Petitioner's claim lacked merit and recommended summary judgment be granted for the Respondent. In response, Petitioner filed "objections" to the Report. (ECF No. 34). When liberally construed, the court is able to discern a single specific objection.

In his objection, Petitioner appears to argue that his disciplinary infraction for pressing a duress button should be excused as he was attempting to contact prison officials regarding legal mail. Petitioner references the "handbook for [Federal Correctional Institute] Bennettsville," which he says requires daily mail collection. (ECF No. 34, p. 1). He alleges that Federal Bureau of Prisons ("BOP") staff did not comply with this

3

requirement. *Id*. at 1–2. Petitioner essentially argues that he cannot be disciplined for objecting to this alleged noncompliance. *Id*. Petitioner cites no authority to support such a proposition.

Despite Petitioner's arguments, the Report correctly noted that the BOP's alleged noncompliance "does not justify Petitioner's infractions, as found by the DHO." (ECF No. 31, p. 13–14). Petitioner's filing does not address the Report's analysis on this point or point to any clear error. A review of the Report shows that the Magistrate Judge correctly concluded Petitioner is not entitled to habeas relief given the undisputed evidence showing his good time credit was revoked after a fair adjudication of his disciplinary action. Accordingly, Petitioner's objection is overruled.

IV.     **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 31). For the reasons discussed above and in the Report, Respondent's motion for summary judgment (ECF No. 23) is granted and the Petition is denied.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

IT IS SO ORDERED.

March 2, 2026  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

5